IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

| | | |
|---|---|---|
| **MELANIE MACUCH** | * | |
| 2706 SW 10th Avenue | * | |
| Cape Coral, Florida 33904 | * | |
| | * | |
| Plaintiff, | * | Case No.: C-13-CV-21-000784 |
| | * | |
| v. | * | |
| | * | |
| **ROCKY'S ROOFING AND SIDING, INC.** | * | |
| 1108 Hoods Mill Road | * | |
| Woodbine, Maryland 21797 | * | |
| | * | |
| Serve on: | * | |
| Terrie T. Mills | * | |
| 1108 Hoods Mill Road | * | |
| Woodbine, Maryland 21797 | * | |
| | * | |
| and | * | |
| | * | |
| **ROCKFORD MILLS** | * | |
| 1108 Hoods Mill Road | * | |
| Woodbine, Maryland 21797 | * | |
| | * | |
| and | * | |
| | * | |
| **TERRIE T. MILLS, as trustee for** | * | |
| **ROCKY'S ROOFING AND SIDING, INC.** | * | |
| 1108 Hoods Mill Road | * | |
| Woodbine, Maryland 21797 | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

NOW COMES the Plaintiff, Melanie Macuch, by and through her attorneys, Craig I. Meyers and Berman Sobin Gross LLP, and sues the Defendants, Rocky's Roofing and Siding, Inc.; Rockford Mills; and Terrie T. Mills, as trustee for Rocky's Roofing and Siding, Inc. and for a cause of action states:

1. Plaintiff Melanie Macuch is an adult resident of the State of Florida.

2. Defendant Rocky's Roofing and Siding, Inc. is a Maryland corporation with its principal place of business in Carroll County, Maryland and that was active on the date of the incident that is the subject of this action, but is now defunct.

3. On information and belief, Defendant Rocky's Roofing and Siding, Inc. does business in Howard County, Maryland.

4. Defendant Rockford Mills is an adult resident of Carroll County, Maryland.

5. Defendant Terrie Mills was a director of Defendant Rocky's Roofing and Siding, Inc. when it became defunct, and serves as a trustee for the corporation, as a matter of law.

6. All acts and omissions relevant hereto occurred in Howard County, Maryland.

7. Howard County is a proper venue for this action.

8. On or about November 28, 2018, Montgomery County police officer Melanie Macuch was operating her patrol vehicle northbound on Maryland Route 97, near its intersection with Old Frederick Road, in Howard County, Maryland.

9. At the same time and place, Defendant Rockford Mills was operating a motor vehicle owned by Defendant Rocky's Roofing and Siding, Inc., directly behind the Plaintiff.

10. Plaintiff Macuch lawfully stopped her vehicle on Maryland Route 97 for a red traffic signal at Old Frederick Road, when suddenly and without warning, she was struck at a high rate of speed by the vehicle operated by Defendant Rockford Mills.

11. Defendant Mills was severely intoxicated at the time of the collision.

12. As a direct and proximate result of Defendant Mills's negligence, the Plaintiff suffered permanent injuries and losses.

## COUNT I
### (Negligence—Rockford Mills)

13.     The Plaintiff herein incorporates and adopts all prior paragraphs as if repeated at length herein.

14.     At all times relevant hereto, Defendant Mills owed the following duties to the Plaintiff: to pay proper time and attention; to see that which was there to be seen; to stop for a red traffic signal; to control his speed to avoid a collision; to allow proper stopping distance; to abstain from driving while intoxicated or under the influence of alcohol or drugs; to avoid striking other vehicles; and to follow the Rules of the Road and the laws of the State of Maryland.

15.     Defendant Mills was negligent in that he breached each of the above duties when he acted as described above and struck the Plaintiff's vehicle.

16.     As a direct and proximate result of Defendant Mills's negligence, the Plaintiff has suffered and will continue to suffer from physical pain and mental anguish; the Plaintiff has suffered a closed head injury, neurological injuries, orthopedic injuries, injuries to her neck, injuries to her back, injuries to her shoulder, injuries to her knee, and other related injuries. The Plaintiff has incurred large medical bills and related expenses. The Plaintiff has lost time and will continue to lose time from work from work and from secondary employment. The Plaintiff has lost earning capacity. The Plaintiff has suffered property damage. The Plaintiff's injuries are permanent.

17.     The above occurred without any contributory negligence by the Plaintiff or with an opportunity for her to avoid the injury.

WHEREFORE, the Plaintiff, Melanie Macuch, demands judgment against Defendant Rockford Mills, jointly and severally, in an amount in excess of seventy-five thousand dollars, plus interest, and the costs of this action.

## COUNT II
### (Vicarious Liability—Rocky's Roofing and Siding, Inc.)

18. The Plaintiff herein incorporates and adopts all prior paragraphs and Counts as if repeated at length herein.

19. At all times relevant hereto, Defendant Mills was an employee and agent of Defendant Rocky's Roofing and Siding, Inc.

20. At all times relevant hereto, Defendant Mills was acting within the course and scope of his employment and agency of Defendant Rocky's Roofing and Siding, Inc.

21. At all times relevant hereto, Defendant Mills owed the following duties to the Plaintiff:  to pay proper time and attention; to see that which was there to be seen; to stop for a red traffic signal; to control his speed to avoid a collision; to allow proper stopping distance; to abstain from driving while intoxicated or under the influence of alcohol or drugs; to avoid striking other vehicles; and to follow the Rules of the Road and the laws of the State of Maryland.

22. Defendant Mills was negligent in that he breached each of the above duties when he acted as described above and struck the Plaintiff's vehicle.

23. Defendant Rocky's Roofing and Siding, Inc. is vicariously liable for Defendant Mill's negligent acts that were within the scope of his employment and agency with Defendant Rocky's Roofing and Siding, Inc.

24. As a direct and proximate result of Defendant Mill's negligence, and therefore Defendant Rocky's Roofing and Siding, Inc.'s vicarious negligence, the Plaintiff has suffered

and will continue to suffer from physical pain and mental anguish; the Plaintiff has suffered a closed head injury, neurological injuries, orthopedic injuries, injuries to her neck, injuries to her back, injuries to her shoulder, injuries to her knee, and other related injuries.  The Plaintiff has incurred large medical bills and related expenses.  The Plaintiff has lost time and will continue to lose time from work and from secondary employment.  The Plaintiff has lost earning capacity.  The Plaintiff has suffered property damage. The Plaintiff's injuries are permanent.

25. The above occurred without any contributory negligence by the Plaintiff or with an opportunity for her to avoid the injury.

WHEREFORE, the Plaintiff, Melanie Macuch, demands judgment against Defendant Rocky's Roofing and Siding, Inc., jointly and severally, in an amount in excess of seventy-five thousand dollars, plus interest, and the costs of this action.

## COUNT III
**(Vicarious Liability—Terrie T. Mills, as trustee for Rocky's Roofing and Siding, Inc.)**

26. The Plaintiff herein incorporates and adopts all prior paragraphs and Counts as if repeated at length herein.

27. At all times relevant hereto, Defendant Mills was an employee and agent of Defendant Rocky's Roofing and Siding, Inc.

28. At the present, Defendant Rocky's Roofing and Siding, Inc. is defunct.

29. Under Maryland law, Defendant Terrie T. Mills, who was a director at the time Defendant Rocky's Roofing and Siding, Inc. became defunct, now serves as a trustee to wind up the corporation's business.

30. At all times relevant hereto, Defendant Mills was acting within the course and scope of his employment and agency of Defendant Rocky's Roofing and Siding, Inc.

31. At all times relevant hereto, Defendant Mills owed the following duties to the Plaintiff: to pay proper time and attention; to see that which was there to be seen; to stop for a red traffic signal; to control his speed to avoid a collision; to allow proper stopping distance; to abstain from driving while intoxicated or under the influence of alcohol or drugs; to avoid striking other vehicles; and to follow the Rules of the Road and the laws of the State of Maryland.

32. Defendant Mills was negligent in that he breached each of the above duties when he acted as described above and struck the Plaintiff's vehicle.

33. Defendant Rocky's Roofing and Siding, Inc. is vicariously liable for Defendant Mill's negligent acts that were within the scope of his employment and agency with Defendant Rocky's Roofing and Siding, Inc.

34. As a direct and proximate result of Defendant Mill's negligence, and therefore Defendant Rocky's Roofing and Siding, Inc.'s vicarious negligence, the Plaintiff has suffered and will continue to suffer from physical pain and mental anguish; the Plaintiff has suffered a closed head injury, neurological injuries, orthopedic injuries, injuries to her neck, injuries to her back, injuries to her shoulder, injuries to her knee, and other related injuries. The Plaintiff has incurred large medical bills and related expenses. The Plaintiff has lost time and will continue to lose time from work from work and from secondary employment. The Plaintiff has lost earning capacity. The Plaintiff has suffered property damage. The Plaintiff's injuries are permanent.

35. The above occurred without any contributory negligence by the Plaintiff or with an opportunity for her to avoid the injury.

36. Defendant Terrie T. Mills is liable as the trustee for Defendant Rocky's Roofing and Siding, Inc.

WHEREFORE, the Plaintiff, Melanie Macuch, demands judgment against Defendant Terrie T. Mills, as trustee for Rocky's Roofing and Siding, Inc., jointly and severally, in an amount in excess of seventy-five thousand dollars, plus interest, and the costs of this action.

    Respectfully submitted,

    BERMAN SOBIN GROSS, LLP


    __/s/Craig I. Meyers____
    Craig I. Meyers, Esq.
    CPF No.: 0506140216
    481 N. Frederick Ave., Suite 300
    Gaithersburg, MD 20877
    (301) 670-7030 (phone)
    (301) 670-9492 (Fax)
    cmeyers@bsgfdlaw.com
    Attorneys for the Plaintiff